# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Brian Christopher Lee,

|  |  |
|---|---|
| Plaintiff, | Case No. 19-cv-10313 |
| v. | |
| | Hon. Judith E. Levy |
| Connie Horton, | United States District Judge |
| Respondent. | Mag. J. David R. Grand |

_____/

## OPINION AND ORDER DENYING RESPONDENT'S MOTION TO STAY PETITION [5], DENYING PETITIONER'S MOTIONS FOR SUMMARY JUDGMENT [9], TO GRANT WRIT [11], AND FOR RELEASE ON BOND [12] AND DIRECTING RESPONSE TO AMENDED PETITION [7]

Petitioner Brian Christopher Lee, a prisoner currently held at the Chippewa Correctional Facility, Kincheloe, Michigan, seeks a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner is challenging his Wayne County, Michigan, convictions on two counts of second-degree murder. Mich. Comp. Law § 750.317. He raises claims of ineffective assistance of trial and appellate counsel, violation of his right to a public trial by the closure of the courtroom during jury selection, and judicial bias.

Before the Court is Respondent's motion to dismiss, and motions by Petitioner for summary judgment, to grant the writ as unopposed, and for release on bond. For the reasons set forth below, the motions are DENIED, and Respondent is directed to file a response to the petition.

## I.   Background

On December 12, 2012, Petitioner was convicted by a Wayne County jury of four counts of second-degree murder. Mich. Comp. Law § 750.317. He was sentenced to four concurrent prison terms of 45 to 80 years. *People v. Brown*, No. 314341, 2016 WL 146029, at *1 (Mich. Ct. App. Jan. 12, 2016), *rev'd in part, appeal denied in part sub nom. People v. Lee*, 501 Mich. 973 (2018). Petitioner was tried jointly with three co-defendants. *Id*. The Michigan Court of Appeals explained the offenses as follows:

> Defendants' convictions arise from the abduction, torture, and murder of best friends, 18–year–old Abreeya Brown (Brown) and 21–year–old Ashley Conaway, after they refused to discontinue the prosecution of defendants Cain and Lee for a separate shooting incident weeks earlier. Brown and Conaway were abducted on the evening of February 28, 2012. They were placed in the trunk of a vehicle and, for a short while, were able to use their cell phones to communicate with friends and family members from their location in the trunk, but they were not seen or heard from afterward. On March 24, 2012, the police found the victims' bodies buried in shallow

2

graves in Eliza Howell Park. Autopsies revealed that each victim had been shot in the head at close range.

*Id.*

Petitioner filed a direct appeal by right, challenging his convictions and sentence. The court of appeals denied relief on all issues but two. It ordered Petitioner's judgment of sentence be corrected to reduce the four convictions to two, corresponding to the two victims. 2016 WL 146029, at *23. It also remanded Petitioner's case to the trial court to revisit his sentence following changes to Michigan's sentencing regime brought by *People v. Lockridge*, 498 Mich. 358 (2015). *Id.* at 22.

Petitioner sought leave to appeal from the Michigan Supreme Court. That Court largely affirmed the lower court's decision but remanded for consideration of "defendant's claim that his sentence was disproportionate under the standard set forth in *People v. Milbourn*, 435 Mich. 630, 636 (1990)." *People v. Lee*, No. 316110, 2018 WL 1652470, at *1 (Mich. Ct. App. Apr. 5, 2018) (citing *People v. Lee*, 501 Mich. 973 (2018)).

Petitioner's sentencing guideline calculation recommended a minimum sentencing range of 270 to 450 months. He was sentenced to 45 to 80 years (540 to 960 months). *Id.* at *1. On remand, the court of

3

appeals found that the trial court had not explained or justified its departure from the guidelines. *Id*. at *3. The court remanded the case for re-sentencing, directing the trial court, if it departed again from the sentencing guidelines, to "explain on the record why the extent of the particular departure it imposes is proportionate." *Id*. at *4.

Neither party appealed the court of appeal's remand order. To date, as both parties acknowledge, Petitioner has not been resentenced pursuant to the April 2018 order.

Petitioner filed a motion for relief from judgment in the trial court, in which he argued four claims of error: ineffective assistance of trial counsel; improper closure of the courtroom during jury voir dire; trial court bias; and ineffective assistance by appellate counsel, the last providing good cause for his failure to raise these issues on direct appeal. The trial court denied relief on all four issues. Petitioner filed applications for leave to appeal in the Michigan Court of Appeals and the Michigan Supreme Court, both of which denied leave in standard form orders. *People v. Lee*, No. 338342 (Mich. Ct. App. Oct. 27, 2017), *aff'd*, 501 Mich. 1074 (2018).

Petitioner, through an attorney, filed a timely petition for the writ of habeas corpus on February 1, 2019, in which he raised eight issues. Respondent was ordered to file an answer to the petition. Instead, on September 27, 2019, Respondent filed a motion to stay the petition or in the alternative, to dismiss it. Petitioner filed an amended petition on October 16, 2019. (ECF No. 7.) Petitioner also filed motions for summary judgment, for the Court to grant the writ as unopposed, and for release on bond. (ECF Nos. 9, 11, 12.)

Following amendment of the petition, four issues remain before the Court. They are as follows:

I. COUNSEL'S PERFORMANCE WAS CONSTITUTIONALLY INEFFECTIVE AND PREJUDICIAL WHEN COUNSEL FAILED TO INTRODUCE INTO EVIDENCE THE RECORDED 911 CALL IN WHICH DECEDENT ASHLEY CONAWAY DECLARED THAT SHE "DID NOT KNOW WHO SHE WAS WITH" AFTER THE KIDNAPPING DESPITE THAT SHE AND DEFENDANT-APPELLANT LEE WERE INDISPUTABLY WELL KNOWN TO ONE ANOTHER.

II. THE COURT'S DELIBERATE EXCLUSION OF DEFENDANT LEE'S FAMILY, FRIENDS, AND SUPPORTERS FROM THE COURTROOM DURING VOIR DIRE OF PROSPECTIVE JURORS DEPRIVED HIM OF HIS SIXTH AMENDMENT RIGHT TO A PUBLIC TRIAL RESULTING IN STRUCTURAL

ERROR AND . . . COUNSEL'S FAILURE TO OBJECT TO SAME WAS INEFFECTIVE ASSISTANCE OF COUNSEL.

III.   DEFENDANT-APPELLANT LEE WAS DEPRIVED OF HIS RIGHT TO BE TRIED BEFORE AN IMPARTIAL, NEUTRAL, AND DETACHED JUDGE WHEN THE TRIAL COURT JUDGE HERSELF OPENLY ADMITTED HER PERSONAL INTEREST IN THE CASE BY: (1) CONFESSING THAT THE CASE [WAS] "VERY EMOTIONAL AND IMPORTANT," TO HER AS THE COURT; (2) PIERCING THE VEIL OF JUDICIAL IMPARTIALITY THROUGHOUT THE TRIAL BY DEMONSTRATING FAVORITISM TOWARDS THE PROSECUTION'S THEORY OF THE CASE AND BY CREATING PRESUMPTION IN FAVOR OF THE PROSECUTION, REQUIRING REVERSAL.

IV.   DEFENDANT-APPELLANT LEE SUFFERED INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL AND THEREFORE HAD GOOD CAUSE FOR FAILING TO RAISE THE CONSTITUTIONAL VIOLATIONS NOW SET FORTH HEREIN ON DIRECT APPEAL.

(ECF No. 7.)

## II.   Analysis

### A. Legal Standard

A federal habeas petition brought by a state prisoner is governed by the heightened standard of review set forth in the Anti-Terrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254. To obtain relief,

6

habeas petitioners who raise claims previously adjudicated by state courts must "show that the relevant state-court 'decision' (1) 'was contrary to, or involved an unreasonable application of, clearly established Federal law,' or (2) 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Wilson v. Sellers*, 138 S. Ct. 1188, 1191 (2018) (quoting 28 U.S.C. § 2254(d)).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). "[D]etermining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning." *Id*. at 98. Where the state court's decisions provide no rationale, the burden remains on the habeas petitioner to demonstrate that "there was no reasonable basis for the state court to deny relief." *Id*.

However, when a state court has explained its reasoning, that is, "[w]here there has been one reasoned state judgment rejecting a federal

claim," federal courts should presume that "later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." *Wilson*, 138 S. Ct. at 1194 (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991)). Accordingly, when the last state court to rule provides no basis for its ruling, "the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale" and apply *Ylst*'s presumption. *Id*. The "look through" rule applies whether the last reasoned state court opinion based its ruling on procedural default, *id*. (citing *Ylst*, 501 U.S. at 803), or ruled on the merits. *Id*. at 1195 (citing *Premo v. Moore*, 562 U.S. 115, 123–133 (2011)) (other citation omitted).

The focus of the AEDPA standard "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable–a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). "AEDPA thus imposes a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations and quotation marks omitted). Finally, a state court's factual determinations are

presumed correct on federal habeas review, 28 U.S.C. § 2254(e)(1), and review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## B. Respondent's motion to stay the petition

Petitioner has not been resentenced pursuant to the Michigan Court of Appeals April 5, 2018, remand order. Respondent argues that the petition should be stayed until after the resentencing is held or in the alternative, should be dismissed. Respondent relies on *King v. Morgan*, 807 F.3d 154 (6th Cir. 2015), which held that "after a full resentencing and the new judgment that goes with it, [a habeas petitioner] may challenge his undisturbed conviction without triggering the 'second or successive' requirements" of the AEDPA. *Id.* at 156. Respondent argues that delaying consideration of the petition until after Petitioner's resentencing supports the interests of judicial economy and efficiency.

Respondent also argues that because this resentencing has not occurred, Petitioner's original sentencing claim of error is not exhausted, because he would be entitled to an appeal by right if he were not satisfied with the new sentence. Because this claim is unexhausted, the petition

is "mixed" (containing both exhausted and unexhausted issues) and should therefore be dismissed without prejudice.

Petitioner argues such a stay would be indefinite, which is inappropriate under the AEDPA. Petitioner dismissed his sentencing claim (as well as three other issues) when he amended his petition following Respondent's motion. (*See* ECF No. 7.) In addition, he argues that he would not be able to raise a sentencing claim in another petition, because the proportionality argument is non-cognizable in habeas.

Following the trial court's denial of Petitioner's motion for relief from judgment, both the Michigan Court of Appeals and the Michigan Supreme Court denied leave in standard form orders, *People v. Lee*, No. 338342 (Mich. Ct. App. Oct. 27, 2017), *aff'd*, 501 Mich. 1074 (2018). Accordingly, this Court will presume the state appellate courts adopted the reasoning of the trial court, the last "reasoned state judgment"; and will "look through" to the trial court's opinion. *Wilson*, 138 S. Ct. at 1194. (*See* Trial Ct. Order, ECF No. 6-33.)

The Supreme Court has held that indefinite stays are "inappropriate" because "'AEDPA's acknowledged purpose' is to 'reduc[e] delays in the execution of state and federal criminal sentences.'" *Ryan v.*

10

*Gonzales*, 568 U.S. 57, 76 (2013) (citing *Schriro*, 550 U.S. at 475) (internal quotation marks omitted). *See also Rhines v. Weber*, 544 U.S. 269, 277 (2005) ("Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings.") The Court "recognizes the need to expeditiously adjudicate a habeas corpus petition, particularly because there is always a possibility that a prisoner may be wrongfully detained." *Mahaday v. Cason*, 222 F. Supp. 2d 918, 922 (E.D. Mich. 2002).

According to the register of actions in the trial court for Petitioner's case, he has not been resentenced over two years after the court of appeal's remand order to the trial court.[1] As a result, whether and when the resentencing will occur is unclear. Conditioning a stay on the occurrence of an unscheduled and uncertain event would indeed be "indefinite."

Respondent's motion is speculative in several other aspects: that Petitioner will be resentenced at all, that he will be dissatisfied with the

---

[1] "[I]t is well-settled that federal courts may take judicial notice of proceedings in other courts of record." *United States v. Mont*, 723 F. App'x 325, 327 n.3 (6th Cir.), *cert. granted*, 139 S. Ct. 451 (2018), *and aff'd on other grounds*, 139 S. Ct. 1826 (2019) (citation omitted).

new sentence and appeal it to the state courts, that the state courts will deny relief, and that he will then return to the federal courts for habeas relief on both the new sentence and his convictions. This sequence of events may occur, and if so, Petitioner may be entitled to that "second bite at the habeas apple" under *King*, *supra*.[2] (ECF No. 5, PageID.15.) However, Respondent's conjecture is insufficient to justify a stay over Petitioner's objections.

Respondent's alternative request of dismissal is also inappropriate. Petitioner has filed his petition, and the four issues remaining in his amended petition survived screening. Rule 4, Rules Governing Section 2254 Cases. Respondent will be directed to answer the petition so the Court may act on it.

## C. Petitioner's motions for summary judgment and to grant the writ as unopposed

Petitioner has moved the Court for summary judgment and to grant the writ as unopposed. In the latter, he insists that he is not seeking

---

[2] Adding to the uncertainty of Petitioner's options after resentencing, the Court notes that the Sixth Circuit recently ruled that certain actions taken in resentencing may *not* permit a petitioner to avoid a time bar or the requirements of a second or successive petition habeas petition. *See Freeman v. Wainwright*, — F.3d —, 2020 WL 2394242 (6th Cir. May 12, 2020). As a result, Petitioner's ability to file a new habeas petition after his resentencing is not at all clear.

default judgment, but requests that the Court "proceed to adjudicate the merits of his claims in light of the State's decision not to oppose relief." ECF No. 11, PageID.5130.

Neither action is appropriate. True, "expeditious[] adjudicat[ion]" of habeas corpus petitions is a goal of the federal courts. *Mahaday*, 222 F. Supp. 2d at 922; *see also Gardner v. Romanowski*, No. 2:08-CV-14523, 2009 WL 1506721, at *1 (E.D. Mich. May 27, 2009) (citing *Ukawabutu v. Morton*, 997 F.Supp. 605, 610 (D.N.J. 1998) ("A habeas petitioner challenging the legality of his or her state custody is entitled to a reasonably prompt disposition of his or her habeas petition.") Unless a respondent is granted leave to file a motion for summary judgment or to dismiss, its answer "should respond in an appropriate manner to the factual allegations contained in the petition and should set forth legal arguments in support of respondent's position, both the reasons why the petition should be dismissed and the reasons why the petition should be denied on the merits." *Gardner*, 2009 WL 1506721, at *1 (citing *Ukawabutu*, 997 F. Supp. at 609).

However, summary judgments in the habeas context are analogous to default judgments, which are not appropriate in habeas proceedings

when based on a respondent's failure to answer the petition. *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970) (superseded on other grounds by statute); *see also Alder v. Burt*, 240 F. Supp. 2d 651, 677 (E.D. Mich. 2003) (citing *Allen*, 424 F.2d at 138); *Mahaday*, 222 F. Supp. 2d at 921.

"The prisoner bears the burden of showing that he is in custody in violation of the Constitution, laws, or treaties of the United States." *Benham v. Warden, FCI Elkton*, 510 F. App'x 415, 416 (6th Cir. 2013) (citing *Allen*, 424 F2d at 138). The state's failure to file a timely response "does not relieve the prisoner of his burden of proof." *Allen*, 424 F.2d at 138 (citing *Jones v. Russell*, 396 F.2d 797 (6th Cir. 1968); *Gray v. Johnson*, 354 F.2d 986 (6th Cir. 1965)). Further, "considering only the petitioner's submission creates the possibility that the writ of habeas corpus would be granted without considering any evidence or submission from the State." *Mahaday*, 222 F. Supp. 2d at 922 (citing *Allen*, 424 F.2d at 141). "Quick adjudication should not . . . be at the expense of an incomplete review." *Id.*

Petitioner argues in support of his motion to grant the writ that "the merits of Mr. Lee's public trial claim are dispositive" for the reasons stated in his motion for summary judgment. In support, he claims that

14

because the trial court made an unreasonable factual determination, *de novo* review should apply, not AEDPA deference.

The unreasonable factual determination on which Petitioner rests his argument is the trial court's erroneous reference to "approximately 120 prospective jurors" in its order instead of the 98 actually in the courtroom during jury voir dire. (*See* Trial Ct. Order, ECF No. 6-33, PageID.4087; Trial Tr., 10/23/12, ECF No. 6-6, PageID.87 (referring to "the ninety-eight")). The court's error is neither "unreasonable" nor the type of factual error that dictates *de novo* review.

The "unreasonable determination of facts" necessary to trigger *de novo* review requires a petitioner show "that the resulting state court decision was 'based on' that unreasonable determination." *Rice v. White*, 660 F.3d 242, 250 (6th Cir. 2011) (citing *Byrd v. Workman*, 645 F.3d 1159, 1172 (10th Cir. 2011). The factual error must also be material. *See Byrd*, 645 F.3d at 1172 (a "misapprehension [which] goes to a material factual issue that is central to petitioner's claim, . . . can fatally undermine the fact-finding process, rendering the resulting factual finding unreasonable.").

The trial court's ruling that Petitioner's right to a public trial was not violated was not "based on" the number of jurors in the courtroom. Rather, it was based on Michigan precedent, *Michigan v. Vaughn*, 491 Mich. 642 (2012), which held that a criminal defendant must object when the courtroom is closed to the public to preserve that right. (ECF No. 6-33, PageID.4087.)

Courts in this district have rejected habeas challenges to partial courtroom closures for similar reasons. *See*, *e.g.*, *Tomaz v. Smith*, No. 17-CV-11204, 2017 WL 4957487, at *8 (E.D. Mich. Nov. 1, 2017) (Friedman, J.) (finding the state court's decision not unreasonable where "Petitioner waived his right to a public trial by not objecting contemporaneously," and noting that "the trial judge was permitted to order a partial closure under the circumstances.") (citing *People v. Tomaz*, No. 318663, 2015 WL 1814043, at *8 (Mich. Ct. App. Apr. 21, 2015); *Peretz v. United States*, 501 U.S. 923, 936–37 (1991); *Johnson v. Sherry*, 586 F.3d 439, 444 (6th Cir. 2009). *United States v. Simmons*, 797 F.3d 409, 413 (6th Cir. 2015); *see also Bickham v. Winn*, No. 2:14-CV-14560, 2016 WL 3902746, at *4 (E.D. Mich. July 19, 2016), *aff'd*, 888 F.3d 248 (6th Cir. 2018) (citing *Vaughn*, *supra*, and noting that "the trial court closed the courtroom only during

16

a probing voir dire of the prospective jurors; . . . and neither the prosecutor nor either defense counsel voiced objections to the juries selected" and holding that it "cannot conclude that the closure seriously affected the fairness, integrity, or public reputation of judicial proceedings.")

Further, the trial court's mention of the number of prospective jurors, while in error, was an indirect reference to the capacity of the courtroom. It was not a "material factual issue . . . central" to Petitioner's claim. *Byrd*, 645 F.3d at 1172.

Finally, Petitioner argues that the trial court's reference to 120 jurors instead of 98 is evidence that it did not have the record before it, demonstrating that the decision was an unreasonable factual determination under *McClellan v. Rapelje*, 703 F.3d 344 (6th Cir. 2012). But *McClellan* did not use the lack of a trial record to determine that a state court's factual determination was unreasonable.

Rather, *McClellan* used the record's absence to demonstrate that the state courts had not reached the merits of a habeas petition, overcoming the AEDPA presumption "that an unexplained summary order is an adjudication on the merits." *Id*. at 349, 351 (citation omitted);

*see also Sadler v. Howes*, 541 F. App'x 682, 688 n. 6 (6th Cir. 2013) (distinguishing *McClellan* because "*McClellan* involved an issue of procedural default."); *Davis v. Rapelje*, 33 F. Supp. 3d 849, 858 (E.D. Mich. 2014) ("Davis offers no other evidence, e.g., the absence of the trial-court record before the Michigan Court of Appeals, that might rebut the on-the-merits presumption."). *McClellan* was not an analysis of the reasonableness of a state court's factual determination, and therefore does not support Petitioner's contention that this Court may grant the writ following *de novo* review.

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 562 U.S. at 101 (citation omitted). Fairminded jurists could disagree whether the trial court erred in closing the court to Petitioner's family during jury selection, violating Petitioner's right to a public trial. The Court will therefore deny Petitioner's motions for summary judgment and to grant the writ as unopposed.

## D. Petitioner's motion for bond

To receive bond pending a decision on the merits of a habeas corpus petition, a petitioner must show "a substantial claim of law based on the facts" and exceptional circumstances justifying "special treatment in the interests of justice." *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993) (quoting *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990)). "Since a habeas petitioner is appealing a presumptively valid state conviction, both principles of comity and commonsense dictate that it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case." *Id*.

Petitioner did not cite the pertinent standard of *Lee* or *Dotson*. He argues only that the habeas petition has been "pending for a substantial period of time," that it will "likely . . . take an additional substantial period of time to resolve," and that the "petition contains at least one substantial substantive constitutional violation." (ECF No. 12, PageID.5137.) For his "substantial" constitutional claim, Petitioner relies again on his argument regarding the closure of the courtroom during jury selection.

While Petitioner's issues survive screening, none are so strong as to be characterized as "substantial." *See Lee*, 989 F.2d at 871. Further,

Petitioner provides nothing in the way of circumstances that would justify "special treatment." *Id*.; *see also Greenup v. Snyder*, 57 F. App'x 620, 622 (6th Cir. 2003) ("Greenup has not demonstrated any unusual circumstances warranting the relief requested"); *Lordi v. Ishee*, 22 F. App'x 585, 586 (6th Cir. 2001) (affirming denial of bond where petitioner's claims "do not appear to be substantial" and where "petitioner had not demonstrated any unusual circumstances warranting release").

## III.    Conclusion and Order

Respondent has not established that the petition for a writ of habeas corpus should be stayed or dismissed. Petitioner is not entitled to summary judgment nor to a grant of the writ of habeas corpus before the Respondent has answered the petition. Nor is he entitled to bond in the absence of a substantial claim of law or extraordinary circumstances justifying release.

Accordingly, Respondent's motion for stay and abeyance (ECF No. 5) is **DENIED**. Petitioner's motions for summary judgment (ECF No. 9), to grant the writ of habeas corpus as unopposed (ECF No. 11), and for release on bond (ECF No. 12) are **DENIED**.

Respondent is directed to file a response to the petition within 60 days of the entry of this Order.

IT IS SO ORDERED.

Dated: July 6, 2020        s/Judith E. Levy
     Ann Arbor, Michigan     JUDITH E. LEVY
                            United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 6, 2020.

                        s/William Barkholz
                        WILLIAM BARKHOLZ
                        Case Manager