UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Brian Christopher Lee,

        Petitioner,        Case No. 19-cv-10313

v.

                             Hon. Judith E. Levy
Connie Horton,                     United States District Judge

        Respondent.       Mag. J. David R. Grand

_____/

**OPINION AND ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION [14] AND AMENDED MOTION FOR RECONSIDERATION [15]**

Petitioner Brian Christopher Lee, a prisoner currently held at the Chippewa Correctional Facility, Kincheloe, Michigan, seeks a writ of habeas corpus under 28 U.S.C. § 2254, challenging his convictions on two counts of second-degree murder. Mich. Comp. Law § 750.317. Before the Court are Petitioner's two motions for reconsideration of the Court's July 6, 2020 order. (ECF No. 13.) That order denied Petitioner's motion for summary judgment, his motions to grant the writ of habeas corpus and for release on bond, and Respondent's motion to hold the case in abeyance. The order also directed the state to respond to Petitioner's

amended petition. For the reasons stated below, the motions are DENIED.

## I. Analysis

Petitioner filed a motion for reconsideration of the Court's July 6, 2020 order on July 20, 2020, characterizing that motion as a "placeholder" due to communication difficulties between Petitioner and his attorney. (ECF No. 14, PageID.5166.) The motion relied on E.D. Mich. Local Rule 7.1(h). (*Id.* at PageID.5167.) Petitioner filed an amended motion for reconsideration on August 7, 2020. (ECF No. 15.)

A motion for reconsideration will only be granted where the movant "demonstrate[s] a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled" and where "correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3). "[T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." *Id.* Petitioner has not met the criteria for relief under Rule 7.1(h).

### A. Petitioner's motions for summary judgment and to grant the writ as unopposed

In seeking reconsideration of the Court's denial of his motions, Petitioner argues that the trial court's closure of the courtroom was structural error meriting habeas relief. Petitioner asserts several reasons why the Court's consideration of this issue must be reviewed *de novo*, and not the highly deferential standard required by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). 28 U.S.C. § 2254. Petitioner's arguments in large part "merely present the same issues ruled upon by the court . . ."

Whether the *de novo* review standard applies to Petitioner's case is not the question before the Court at this time. Rather, Petitioner was obligated to identify a palpable error in the Court's denial of a writ of habeas corpus on the grounds that neither summary nor default judgment are appropriate in the habeas context.

As the Court set forth in its original order, those forms of relief based on a respondent's failure to answer the petition are not available to Petitioner. *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970). Whether and how the government responds does not "discharge [a petitioner's] burden to prove entitlement to habeas relief." *United States v. Bawgus*, 782 F. App'x 408, 410 (6th Cir. 2019) (citing *Allen*, 424 F.2d at 138) (other

3

citation omitted). Courts in this district consistently reject motions for default or summary judgment on those grounds. *See, e.g.*, *Reeves v. Stoddard*, No. 14-10977, 2019 WL 764353, at *2 (E.D. Mich. Feb. 21, 2019), *aff'd,* 798 F. App'x 865 (6th Cir. 2020) (citing *Allen*, 424 F.2d at 138; *Alder v. Burt*, 240 F. Supp. 2d 651, 677 (E.D. Mich. 2003)) (other citations omitted); *Mahaffey v. Scutt*, No. 12-CV-13743, 2014 WL 4206947, at *2 (E.D. Mich. Aug. 25, 2014) (citing *Alder*, 240 F. Supp. 2d at 677). Petitioner has not identified any error in the Court's analysis that would result in a different outcome.

### B. Respondent's request for 60 days to file its response

Petitioner next requests the Court reverse its ruling permitting Respondent to file a response, or alternatively, requests the Court shorten Respondent's deadline to twenty days. Again, Petitioner cites no palpable error by which the Court was misled.

While courts in this district have struck untimely briefs by the state, *see Alder*, 240 F. Supp. 2d at 677, the Court finds more persuasive those decisions which recognize the importance of the respondent's answer in deciding habeas cases. "There is no way a § 2254 case can be decided on a petitioner's submission only, and a court should not put itself

4

in a position of considering the petition without a response by the respondent." *Heximer v. Woods*, No. 08-14170, 2012 WL 5600289, at *3 (E.D. Mich. Nov. 15, 2012) (Tarnow, J.) (citing *Mahaday v. Cason*, 222 F. Supp. 2d 918, 921 (E.D. Mich. 2002)).

### C. Petitioner's motion for release on bond

Finally, Petitioner argued that he should be released on bond pending final resolution of his habeas petition. (ECF No. 15, PageID.5200–5201.) The Court applies the following legal standard to a habeas petitioner's motion for bond while his habeas petition is under review:

> This Court has "inherent authority" to grant bond to a habeas petitioner while his petition is under review. *Nash v. Eberlin*, 437 F.3d 519, 526, n. 10 (6th Cir. 2006). But that authority is narrow. "Since a habeas petitioner is appealing a presumptively valid state court conviction, both principles of comity and common sense dictate that it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case." *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993). "In order to receive bail pending a decision on the merits, prisoners must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of 'some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice." *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990) (quoting *Aronson v. May*, 85 S.Ct. 3, 5, 13, 13 L.Ed.2d 6 (1964)

(Douglas, J., in chambers)). Simply put, "[m]erely to find that there is a substantial question is far from enough." *Lee*, 989 F.2d at 871 (quoting *Glynn v. Donnelly*, 470 F.2d 95, 98 (1st Cir. 1972)).

Neither the United States Supreme Court nor the United States Court of Appeals for the Sixth Circuit has provided definitive guidance for determining whether a petitioner's "circumstances" are so "exceptional" as to justify release pending review of his habeas claims. Unpublished decisions from this Court suggest that "exceptional circumstances" warranting release during review "have been limited to situations where (1) the prisoner was gravely ill, (2) the prisoner committed a minor crime and is serving a short sentence, or (3) possibly where there was an extraordinary delay in processing the habeas petition." *Scheidler v. Berghuis*, 07–cv–01346, 2008 WL 161899 (E.D. Mich. 2008) (citations omitted); *see also Milstead v. Sherry*, 07–cv–15332, 2009 WL 728540 (E.D. Mich. 2009) (citation omitted). This much is clear: federal courts very rarely find "exceptional circumstances" and very rarely release petitioners before ruling on the merits of their claims. Indeed, there seem to be but a handful of decisions in which federal courts have released petitioners pending review of their claims.

*Blocksom v. Klee*, No. 11-cv-14859, 2015 WL 300261, at *4 (E.D. Mich. Jan. 22, 2015); *see also Pouncy v. Palmer*, No. 13-cv-14695, 2020 WL 2513094, at *1–2 (E.D. Mich. May 15, 2020). In short, Petitioner is entitled to release on bond only if he shows that (1) his petition raises a substantial legal claim and (2) exceptional circumstances justify his

6

release. Here, Petitioner argues that the COVID-19 pandemic's effects on prisoners meet these criteria. (ECF No. 15, PageID.5200.)

The Court disagrees. The exceptional circumstances required to justify release on bond during pendency of a habeas petition are related to the petition itself, and not to the conditions of confinement, as set forth above. There is no authority for the Court to find exceptional circumstances exist here under Sixth Circuit or Supreme Court law. Nor has Petitioner identified an error in the Court's order on this issue. Accordingly, Petitioner's motion is denied.

## II. Conclusion and Order

For the foregoing reasons, Petitioner's motion for reconsideration (ECF No. 14) and amended motion for reconsideration (ECF No. 15) are **DENIED**.

IT IS SO ORDERED.

Dated: January 27, 2021　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 27, 2021.

7

8

                                        <u>s/William Barkholz</u>
                                        WILLIAM BARKHOLZ